UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.  3:03CR33(EBB) |
| | : | |
| v. | : | |
| | : | June 13, 2005 |
| RENALDO M. ROSE | : | |

## MOTION FOR POST-*CROSBY* PROCEEDINGS ON REMAND

On  May 25, 2004,  Renaldo Rose  (the "defendant") filed a notice of appeal after his

sentencing in this matter.  On May 18, 2005, the United States Court of Appeals for the Second

Circuit remanded the defendant's appeal.  The Government respectfully submits this

memorandum to assist the District Court in conducting proceedings on remand.

## I.  Procedural History

On February 18, 2003,  a federal grand jury returned a two-count indictment against the

defendant.

On April 8, 2003, the grand jury returned a five-count Superseding Indictment against the

defendant.  It alleged multiple violations of the Hobbs Act, 18 U.S.C. § 1951(a) (Counts One,

Two, Four, and Five; conspiring to interfere with interstate commerce and interfering with

interstate commerce by extortion), and a violation of 18 U.S.C. § 924(c)(Count Three; use and

carrying of a firearm during and in relation to a crime of violence) stemming from the

defendant's participation on December 24, 2002 in an armed robbery of a United Parcel Service

truck in New Haven, Connecticut and his participation in the scheme to extort Edward Lampert,

a Greenwich, Connecticut financier.

On June 30, 2003, the defendant moved to suppress evidence seized from his residence

and to sever the trial of certain counts. On January 9, 2004, the Court denied the motions.

On January 27, 2004, the defendant pleaded guilty to each count of the Superseding Indictment.

On May 17, 2004, the defendant was sentenced. The district court imposed concurrent sentences of 121 months on Counts One, Two, Four, and Five of the Superseding Indictment and a sentence of 60 months on Count Three, to run consecutively to the other sentences imposed, resulting in a total effective sentence of 181 months. The district court also imposed a term of supervised release of two years and a total special assessment of $500.

On May 20, 2004, the district court entered judgment. On May 25, 2004, Rose filed a timely notice of appeal.

On May 18, 2005, the United States Court of Appeals for the Second Circuit ordered a limited remand in this case upon consent of the Government[1] in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and the Court of Appeals' decision in *United States v. Crosby*, No. 03-1675 (2d Cir. Feb. 2, 2005).

## II.  Limited Remands in Light of *Booker* and *Crosby*

In *United States v. Booker*, 125 S. Ct. 738, 2005 WL 50108 (2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge

---

[1]The Government respectfully disagrees with the Second Circuit's plain-error analysis for substantially the reasons set forth in *United States v. Rodriguez*, No. 04-12676, 2005 WL 272952 (11th Cir. Feb. 4, 2005). Notwithstanding this disagreement, the Government consents to remand in recognition of *Crosby*'s binding authority in this Circuit.

2

violates the right to trial by jury.  As a remedy, the Court severed and excised the statutory

provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the

Guidelines "effectively advisory."  *Booker*, 2005 WL 50108, at *16.  This ruling results in a

system in which the sentencing court, while required to consider the Guidelines, may impose a

sentence within the statutory maximum penalty for the offense of conviction.  The sentence will

be subject to appellate review for "reasonableness."  *Id.* at *24.

      The Court of Appeals for the Second Circuit has summarized the impact of *Booker* as

follows:

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must
> consider the Guidelines and all of the other factors listed in section 3553(a).
> *Third, consideration of the Guidelines will normally require determination of the
> applicable Guidelines range,* or at least identification of the arguably applicable
> ranges, and consideration of applicable policy statements. *Fourth, the sentencing
> judge should decide, after considering the Guidelines and all the other factors set
> forth in section 3553(a), whether (i) to impose the sentence that would have been
> imposed under the Guidelines, i.e., a sentence within the applicable Guidelines
> range or within permissible departure authority, or (ii) to impose a non-
> Guidelines sentence.* Fifth, the sentencing judge is entitled to find all the facts
> appropriate for determining either a Guidelines sentence or a non-Guidelines
> sentence.

*United States v. Crosby*, No. 03-1675, slip op. at 24-25 (2d Cir. Feb. 2, 2005) (emphasis added).

When imposing sentence, a district court must be mindful that "*Booker/Fanfan* and section

3553(a) do more than render the Guidelines a body of casual advice, to be consulted or

overlooked at the whim of a sentencing judge."  *Id.* at 25.  Both the Supreme Court and the Court

of Appeals expect "sentencing judges faithfully to discharge their statutory obligation to

'consider' the Guidelines and all of the other factors listed in section 3553(a), . . .  and that the

resulting sentences will continue to substantially reduce unwarranted disparities while now

3

achieving somewhat more individualized justice." *Id.*

In *Crosby*, the Court of Appeals determined that it would remand most pending appeals involving challenges to sentences imposed prior to *Booker* "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime, and if so, to resentence." *Crosby*, slip op. at 34. In this respect, the Court of Appeals explained that a remand would be necessary to learn "whether a sentencing judge would have imposed a materially different sentence, *under the circumstances existing at the time of the original sentence*, if the judge had discharged his or her obligations under the post-*Booker/Fanfan* regime and counsel had availed themselves of their new opportunities to present relevant considerations." *Id.*, slip op. at 34-35. "In making that threshold determination, the District Court should obtain the views of counsel, at least in writing, but 'need not' require the presence of the Defendant . . . ." *Id.*, slip op. at 40. The defendant should, however, have an "opportunity . . . to avoid resentencing by promptly notifying the district judge that resentencing will not be sought." *Id.*, slip op. at 37. "Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with the Defendant present, resentence in conformity with the [Sentencing Reform Act], *Booker/Fanfan*, and this opinion, including an appropriate explanation, *see* § 3553(c)." *Id.*

In light of *Crosby*, then, the Government respectfully requests that the Court proceed as follows:

(1) invite written submissions from the parties regarding the initial question of whether

4

the court should have imposed a nontrivially different sentence if it had understood sentencing

law as subsequently explained by the Supreme Court in *Booker* and allow the defendant in such

filing to opt out of resentencing; and if the defendant elects to proceed, then:

(2) determine whether the Court would have imposed a nontrivially different sentence in

light of the advisory guidelines range and the other factors set forth in 18 U.S.C. § 3553(a) and, if

not, the Court should place on the record an "appropriate explanation" for such decision; and

(3) if the Court determines that resentencing is necessary, it should vacate the sentence

and resentence in conformity with the dictates of Fed. R. Crim. P. 32 (including requiring the

defendant's presence in conformity with Fed. R. Crim. P. 43) and in light of the principles set

forth in the Sentencing Reform Act, as well as *Booker* and *Crosby*.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


JAMES J. FINNERTY
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
United States Courthouse
915 Lafayette Boulevard
Bridgeport, CT 06604
Tel: (203) 696-3000
Federal Bar No. CT15203

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on this 13th day of June, 2005, a true and correct copy of the

foregoing motion was served by first-class mail, postage prepaid,  upon:

William T. Koch, Jr.
151 Brush Hill Road
Lyme, Connecticut 06371

Special Agent Donald Kleber
Special Agent Michael Syrax
Federal Bureau of Investigation
1000 Lafayette Boulevard
Bridgeport, Connecticut 06604

Carlo Jo Wagenstein-Vega
United States Probation Officer
United States Probation Office
915 Lafayette Boulevard
Bridgeport, Connecticut 06608

                      _____
                      JAMES J. FINNERTY
                      ASSISTANT UNITED STATES ATTORNEY