UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | |
| VS. | : | NO. 3:03CR33(EBB) |
| RENALDO ROSE | : | JULY 13, 2005 |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF RE-SENTENCING

The Defendant, Renaldo Rose, hereby respectfully requests that he be re-sentenced in the above matter, as there are grounds upon which Your Honor might impose a nontrivially lesser sentence.

### Facts.

On May 17, 2004, Mr. Rose was sentenced by the Court to an effective term of 181 months. He received a sentence of 121 months on Counts 1, 2, 4 and 5. Mr. Rose received a 60 month consecutive sentence on Count 3 as a result of the plea agreement. We do not request re-sentencing on the 60 month consecutive sentence on Count 3.

At his sentencing on May 17, 2004, Mr. Rose's guideline calculations, after various adjustments, including a five (5) level adjustment for brandishing a firearm during the commission of the robbery, and grouping, left him at an offense level of 32. His criminal history category was I. Therefore, his sentencing guideline range was 121 to 151 months. As noted above, Your Honor sentenced Mr. Rose to the low end of the range, i.e, 121 months.

### Argument.

Your Honor should consider imposing a nontrivially lesser sentence for two main reasons.

1.) In the pre-sentence report, Mr. Rose's guideline calculations were increased in each group by two (2) levels for the use of a minor. As Your Honor recalls, the "minor" Lorenzo Jones, was actually a 17 ½ year old drug dealer who was a participant in both offenses not because of his youthful age, but because he was friendly with one of the co-defendants, Devon Harris, and Mr. Rose and Mr. Gordon liked the way he handled himself. Although Lorenzo Jones' federal cases were dismissed, he was prosecuted for the robbery and kidnapping offenses by the State of Connecticut as an adult. At sentencing, under the guidelines, the Court, found that since Lorenzo Jones was, in fact a minor, and participated in the offenses, the two (2) level adjustment in each grouping category was appropriate.

At a re-sentencing, we would urge upon Your Honor, that the intent of the "use of a minor" guideline is to protect vulnerable youths from criminal exploitation. Under the now advisory guidelines, Your Honor might agree and take the two (2) level increases for the "use of a minor" adjustment out of the Court's sentencing calculations. Without the "use of a minor" adjustments, Mr. Rose's guideline offense level would be 30. Since he has no criminal record, his sentencing range would be 97 to 121 months, not 121 to 151 months.

2.) Despite the fact that he has lived in the United States since he was about 10 years old, and despite his years of service to the United States as a Marine, Mr. Rose never managed to finalize his petition for citizenship of the United States. This grave error was due mainly to procrastination on Mr. Rose's part due to lack of funds for the final application fees. Mr. Rose's mother, brother and sister are all citizens. Your Honor might recall that Mr. Rose's immediate family in New Haven is a very close family. As a

result of his guilty plea in this case, Mr. Rose will be deported when he has finished serving his sentence. This is a particular emotional loss for his mother. Mr. Rose's mother is a single mother, who owns a modest home and lives with and supports her two younger sons. It is the undersigned's understanding that, since Mr. Rose will ultimately be deported, he will serve more time in jail than inmates with the same sentence that are citizens of the United States. After he completes his present sentence, Mr. Rose will be returned to a country that he has not lived in since he was a young boy. At sentencing, under the then mandatory guidelines, Your Honor could not give Mr. Rose a lesser sentence just because of the deportation consequences he faces, or for the effect they will have on his family At a re-sentencing, Your Honor can take these factors into consideration and might impose a lesser prison term.

    WHEREFORE, based upon the foregoing, the Defendant, Renaldo Rose, respectfully requests that he be re-sentenced as Your Honor might impose a nontrivially lesser sentence given that the sentencing guidelines are no longer mandatory.

Respectfully submitted,

By_____
William T. Koch, Jr. Fed Bar ct#04781
151 Brush Hill Road
Lyme, CT 06371
(860) 434-3060/Fax (860) 434-9483
e-mail wmtkochjr@aol.com

**CERTIFICATION OF SERVICE**

I certify that I mailed a copy of the within to the following on July 13, 2005:

Office of the United States Attorney
ATT: James Finnerty, AUSA
U.S. Distirct Courthouse
915 Lafayette Blvd.
Bridgeport, CT 06604

By_____
       William T. Koch, Jr., Esq.